# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### WESTERN DIVISION

| | |
|---|---|
| **EARNEST JENKINS,** ) | |
| ) | |
| **Plaintiff,** ) | **CASE NO.** |
| ) | **JURY DEMAND** |
| ) | |
| vs. ) | |
| ) | |
| **EDWARD HUTTON** ) | |
| **OFFICER JORDAN** ) | |
| **ROBERT "DOE" (ALIAS)** ) | |
| **ADVANCED CORRECTIONAL** ) | |
| **HEALTHCARE, INC.** ) | |
| **BLAKE MCMULLIN** ) | |
| **CHARLENE FRENCH ,** ) | |
| ) | |
| **Defendants.** ) | |

## COMPLAINT

COMES NOW the undersigned counsel on behalf of Plaintiff, Earnest Jenkins (hereinafter "Mr. Jenkins"), and files this Complaint against, the above-named Defendants, in this matter, and in support thereof, and respectfully shows unto this Honorable Court as follows:

1. Jurisdiction is proper in the United States District Court for the Northern District of Alabama, pursuant to 28 U.S.C. § 1331 and 1343 and 42 U.S.C. § 1983, and the First, Eighth and Fourteenth Amendments of the United States Constitution. Jurisdiction over

1

Plaintiff's claim under Alabama law is based on the doctrine of supplemental jurisdiction pursuant to 28 U.S.C. § 1367 (2006).

2. At all times mentioned herein, all defendants were acting under color of state law, or rights secured to the plaintiff by the First, Eighth, and Fourteenth Amendments to the United States Constitution and the laws of the United States. The location of the acts that gave rise to the injuries complained of occurred in Greene County in the Northern District of Alabama, which sits in the jurisdiction of this court. 28 U.S.C. § 1391(a)(2) (2006).

3. Jurisdiction is proper in the Northern District of Alabama. The underlying action is based upon events occurring at Greene County Jail at 951 Finches Ferry Road, Eutaw, Alabama, which is situated in Greene County, Alabama.

4. Plaintiff, Earnest Jenkins, is a citizen of the United States of America who presently resides within the jurisdiction of this Court.

5. At all times material herein, Defendant Edward Hutton (hereinafter "Hutton") was employed as an officer at Greene County Jail; Defendant Officer Jordan (hereinafter "Jordan") was employed as an officer at Greene County Jail; Defendant Robert "Doe" (hereinafter "Doe"), last name unknown, was employed as a nurse for Advanced Correctional Healthcare, contracted to provide services to inmates of Greene County Jail; Defendant Advanced Correctional Healthcare, Inc., (hereinafter "ACH"), is a foreign corporation incorporated under the laws of Illinois and doing business in the State of Alabama and was contracted by the Greene County Jail to provide medical services to inmates, Defendant Blake McMullin (hereinafter "McMullin") was employed as an officer at Greene County Jail; Defendant Charlene French (hereinafter

2

"French") was employed as an officer at Greene County Jail. These individual defendants will also be collectively referred to as "Defendants" hereinafter.

6. At all times material herein, the Defendants Hutton, Jordan, McMullin, and French worked under the supervision and control of the Greene County Jail, and Doe was employed as a nurse, and under the supervision and control of, of Defendant ACH.

7. At all times material herein, Mr. Jenkins was confined under the confinement, supervision, and control of the Greene County Jail.

8. Mr. Jenkins sues each Defendant in their individual capacities.

## STATEMENT OF FACTS

9. On or about June 1, 2016, Mr. Jenkins was placed in confinement of the Greene County Jail pending trial.

10. Mr. Jenkins suffers from hypertension and takes medication daily to control his blood pressure.

11. Upon being processed into the jail, Mr. Jenkins expected to be seen by medical professionals in order to disclose his health needs and to receive the necessary medication. That did not occur. Mr. Jenkins had informed staff and personnel of his medical condition and the associated prescription.

12. The following day, Mr. Jenkins observed Defendant Doe, a nurse employed by ACH, administering medications to other inmates.

13. Mr. Jenkins immediately and persistently informed Doe of his medical condition (i.e. severe hypertension) and the name of the medications he was proscribed and needed to treat his medical condition. Doe summarily dismissed Mr. Jenkins' request, informing him that there wasn't any information or medications available for Mr. Jenkins.

14. Doe failed to advise Mr. Jenkins of the procedure necessary to obtain medications, nor did Doe examine Mr. Jenkins to confirm his medical condition.

15. Over the next several days, Mr. Jenkins requested examination and medications from the medical staff. Each day he was denied until June 8, 2016, when a correctional officer took his blood pressure which was revealed to be 178/100. Mr. Jenkins was not seen by any medical professionals or administered any medication. Upon information and belief, the correctional officer reported the blood pressure reading to the medical staff on duty at the jail.

16. On June 9, 2016, Mr. Jenkins woke up feeling ill, dizzy, and weak. In addition, he began vomiting when he awoke. He observed Doe administering morning medications and requested medical attention.

17. On this occasion, Doe checked Mr. Jenkins blood pressure, and stated that it was very high. Doe then administered a medication for nausea and called a doctor about Mr. Jenkins' blood pressure. Doe returned an hour later and administered an unknown blood pressure medication to Mr. Jenkins. Because of the extended amount of time without the needed medications, Mr. Jenkins passed out around 1:00 pm.

18. Mr. Jenkins had been drinking water when he lost consciousness. Mr. Jenkins fell backwards striking his head on the concrete floor.

19. Mr. Jenkins regained consciousness sometime afterward awakening to severe pain in his head, neck, and back. Mr. Jenkins also heard other inmates screaming "Man down, man passed out, get help."

20. Mr. Jenkins remained on his back in a semi-conscious state while awaiting medical attention for at least 30 minutes, after which paramedics arrived and placed him in an ambulance and transported him to the Greene County Hospital Emergency Room.

21. While being transported to the hospital, Mr. Jenkins overheard paramedics state that his blood pressure was 200/100.

22. Upon arrival at the emergency room, medical personnel conducted several diagnostic tests including an MRI. Mr. Jenkins overheard a county officer ask several of the county nurses, "Why didn't you start or give him his blood pressure medications?" A county nurse responded, "I did today."

23. Fortunately, the medical professionals were able to get Mr. Jenkins blood pressure under control, and all the other diagnostic tests came back negative. Mr. Jenkins was thus released back into the custody of jail officials.

24. On June 10, 2016, Mr. Jenkins woke up in severe pain radiating from his neck down to his feet. Mr. Jenkins had also been suffering from muscle spasms which made it difficult for him to sleep. As a direct and proximate result of the fall described above, Mr. Jenkins now suffers from intermittent numbness and tingling throughout his extremities. As a direct and proximate result of the fall described above, Mr. Jenkins has increased difficulty doing the most basic things in life.

25. On June 27, 2016, Mr. Jenkins visited his primary care physician Dr. Cole Crutcher, who examined him and ordered another MRI. Mr. Jenkins was prescribed narcotics for pain and referred Mr. Jenkins to pain management specialists.

26. On or about July 8, 2016, Mr. Jenkins received an MRI at St. Vincent's Hospital East in Trussville, Alabama.

27. On or about July 10, 2016, Dr. Crutcher informed Mr. Jenkins that the MRI revealed degenerative disc disease, several herniated discs, spinal cord injuries, and muscle, tendon, nerve and ligament damage. Plaintiff alleges these conditions were all either caused or exacerbated by his fall in the jail and that his fall has been diagnosed as resulting from his untreated hypertension. Dr. Crutcher then referred Mr. Jenkins to a neurologist for a definitive diagnosis and treatment.

## COUNT ONE – VIOLATIONS OF CIVIL RIGHTS SECURED BY THE CRUEL AND UNUSUAL PUNISHMENT CLAUSE OF THE EIGHTH AMENDMENT TO THE UNITED STATES CONSTITUTION
### (42 U.S.C. §1983- ALL DEFENDANTS)

28. Mr. Jenkins incorporates and realleges paragraphs 1 through 28 of this Complaint as if fully set forth here and further alleges as follows:

29. Defendants were, at all relevant times, employed by, or contracted with, the State of Alabama and acted under the supervision and guidance of a supervisor and under color of law to deprive Mr. Jenkins' constitutionally protected rights including, but not limited to, the right to be free of cruel and unusual punishment, guaranteed by the Due Process clause of the FourteenthAmendment to the United States Constitution.

30. As alleged herein and above, Defendants' failure to properly treat Mr. Jenkins' injuries constitutes a violation of Plaintiff's Eighth Amendments rights because Defendants denied adequate treatment of Mr. Jenkins injuries and delayed Mr. Jenkins from being able to receive medication and proper medical attention with deliberate indifference to Mr. Jenkins' increasingly serious medical needs.

31. At all times relevant, each Defendant acted under color of law to delay and deny Mr. Jenkins proper treatment and proper medical care. Defendants knew or should have

known the seriousness of a blood pressure related condition, and at least investigated Mr. Jenkins' claim to ensure that he received the necessary medication and care. As a result, Defendants knew or should have known that denying and delaying adequate treatment and/or medical care was an excessive risk to Mr. Jenkins' health. Defendants consciously disregarded suck risks in violation of Mr. Jenkins' Eighth Amendment rights.

32. Defendants' actions to deny and delay adequate treatment was and is in deliberate indifference to Mr. Jenkins' constitutional rights and violates the prohibition against cruel and unusual punishment under the Eighth Amendment to the United States Constitution, made applicable to the states by the Fourteenth Amendment.

33. As a result of the delay in obtaining medical care and medications, Mr. Jenkins suffered damages of a herniated disc, muscle spasms, tendon, nerve and ligament damage, and other injuries culminating into degenerative disc disease. Mr. Jenkins has suffered unnecessary and wanton infliction of pain and suffering as a result of the complications associated with the incidents alleged above.

34. Plaintiff claims all damages allowable under law.

## COUNT TWO – NEGLIGENCE (ACH & DOE)

35. Mr. Jenkins incorporates and realleges paragraphs 1 through 27, and count 1, of this Complaint as if fully set forth here and further alleges as follows:

36. At all times relevant herein, Defendants (ACH and Doe) had a duty to exercise ordinary care for the safety of inmates at Greene County Jail, including Mr. Jenkins.

37. Defendants collectively and individually breached that duty, leading directly to Mr. Jenkins' injuries. Defendant Doe failed to adequately discover, examine, and treat Mr. Jenkins preexisting medical conditions, despite having been apprised on multiple

occasions of his need for medication. Defendant ACH failed to adequately supervise, and/or control its employee, Defendant Roe, in his medical treatment – or lack thereof- of Mr. Jenkins, causing injury to Mr. Jenkins.

38. Defendants failed to use the care that a reasonable person would have used to avoid injury to Mr. Jenkins. Mr. Jenkins' injuries, were the reasonably foreseeable outcome of Defendants' acts and omissions. The acts and/or omissions of each Defendant were substantial factors in bringing about Mr. Jenkins' injuries and damage.

39. Mr. Jenkins claims all damages allowed under law.

## COUNT THREE -- NEGLIGENT AND/OR WANTON HIRING, TRAINING AND OR SUPERVISION
**(DEFENDANT ADVANCED CORRECTIONAL HEALTHCARE, INC.)**

40. Mr. Jenkins incorporates and realleges paragraphs 1 through 27, and counts 1 and 2, of this Complaint as if fully set forth here and further alleges as follows:

41. Defendant ACH negligently hired, supervised, and/or trained incompetent agents or employees, namely Defendant Doe, who committed some or all of the wrongful acts set forth in this Complaint.

42. Defendant ACH hired, supervised, and/or trained incompetent agents or employees, namely Defendant Doe, who committed some or all of the wrongful acts set forth in this Complaint.

43. Defendant ACH knew or should have known of the incompetence, or in the alternative deliberate indifference, of these agents or employees, namely Defendant Doe.

44. Defendant ACH was negligent or reckless in its hiring, supervision, and/or training of employees having a duty to diagnose and/or treat inmates at the Greene County Jail, namely Defendant Doe.

45. The above described negligence is a direct and proximate result to the damages suffered by Mr. Jenkins.

46. Mr. Jenkins claims all damages allowable under law.

## **MEDICAL NEGLIGENCE (pursuant to Alabama Medical Liability Act)**
### (DEFENDANT ADVANCED CORRECTIONAL HEALTHCARE, INC. & DEFENDANT DOE)

47. Plaintiff incorporates by reference, all of the allegations of the foregoing paragraphs, inclusively, as if set forth herein.

48. Defendant ACH and Defendant Doe owed a duty, a general duty of care to provide Earnest Jenkins with an environment where his health and safety needs could be competently addressed, *See, Gess v. U.S., 952 F. Supp. 1529(M.D. Ala. 1996)*. More specifically, Defendant ACH and Defendant Doe, held a specific duty to provide Earnest Jenkins with the medication that was prescribed to him by a physician because they had knowledge of the medical condition (*i.e.* severe hypertension) and knowledge of the specific prescription. As a nurse, Defendant Doe did not possess the certification, authority or specialized knowledge to alter the prescription or to substitute another drug.

49. The treatment received by Earnest Jenkins was not competent, below the standard of care, and, in many respects, violated the standards of the Joint Commission on Healthcare Accreditation.

50. Defendant ACH's and Defendant Doe's duty to Earnest Jenkins was broad and included numerous specific activities, such as, following its policies and procedures, compliance with applicable medical administration standards, and standard set by law,

and the agencies that accredit ACH and Doe including but not limited to, training and supervision of the medical staff in accordance with applicable laws and regulations, all of which were intended to enhance and protect safety. *See, Gesso v. U.S.*, 952 F. Supp. 1529 (M.D. Ala. 1996).

51. Plaintiff claims all damages allowable by law.

## PRAYER FOR RELIEF

WHEREFORE, Mr. Jenkins respectfully requests that this Court enter judgment in his favor against each of the Defendants in an amount which the Court deems appropriate, to include compensatory and punitive damages, attorney's fees, and costs of this action. Mr. Jenkins prays for such other, further and different relief to which he is entitled the premises considered. Mr. Jenkins also demands a jury trial in this cause.

Respectfully submitted this the 4th day of June, 2018.

THE RICE FIRM, LLC

/s/Richard A. Rice

RICHARD A. RICE
Attorney for the Plaintiffs

WELLS FARGO TOWER
NORTH 420 TWENTITH STREET
SUITE 2200
Birmingham, Alabama 35203
Telephone: 205.618.8733
Facsimile: 888.391.7193

## JURY DEMAND


PLAINTIFF WILL SERVE THE DEFENDANTS AT THE FOLLOWING ADDRESSES:

Officers at Greene County Jail:
Defendant Edward Hutton
Defendant Blake McMullin
Defendant Charlene French

Greene County Jail
951 Finches Ferry Rd,
Eutaw, AL 35462

Alabama Department of Corrections
301 S. Ripley Street
P.O. Box 301501
Montgomery, AL 36130-1501


Defendant Advanced Correctional Healthcare, Inc.,
CT Corporation System
2 North Jackson Street,
Suite 605
Montgomery, AL 36104

Defendant Robert "Doe"
CT Corporation System
2 North Jackson Street,
Suite 605
Montgomery, AL 36104